IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-458-4 |
| ERIC MILLER, | : | |
| a/k/a "E," | | |
| a/k/a "Tariq" | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

I.   BACKGROUND

Defendant Eric Miller was charged in Counts One, Four, Five, Six, and Seven of the second superseding indictment charging him with conspiracy to distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count One); convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Counts Four and Six); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) (Counts Five and Seven).

These charges arose from Miller's involvement in a drug trafficking conspiracy (the Caldwell Cocaine Trafficking Organization ("CCTO")) from at least in or about October 2005 to in or about September 2007, during which time the organization distributed in excess of approximately 500 kilograms of cocaine in and around Chester, Philadelphia, and other areas within the Eastern District of Pennsylvania and elsewhere.

On July 29, 2009, Miller entered a guilty plea to Counts One, Four, Five, and Six of the second superseding indictment.  During his plea colloquy, Miller admitted that he received kilogram quantities of cocaine from other members of the CCTO and distributed it to his customers.

II.     **SENTENCING CALCULATION**

      A.     **Statutory Maximum Sentence.**

      Miller is facing a statutory maximum sentence of lifetime imprisonment including a mandatory minimum of 15 years imprisonment[1], a $4,750,000 fine, 5 years to lifetime supervised release, and a $400 special assessment.

      B.     **Sentencing Guidelines Calculation.**

      The Probation Office calculated the defendant's advisory guideline range to be 210-262 months imprisonment.  In addition, the defendant is facing an additional five year consecutive mandatory minimum term of imprisonment for the 924(c) conviction in Count Five. Thus Miller's total range is 270-322.  The government concurs with this calculation.

III.    **ANALYSIS**

      A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should accept the calculation of the advisory guidelines as set forth above, review all other factors, including the mandatory minimum sentence and the government's departure motions, and impose an appropriate sentence.

      The Supreme Court has declared:  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

      This Court must also consider all of the sentencing considerations set forth in

---

[1]  This includes a five year mandatory minimum term of imprisonment on Count Five which must be imposed consecutive to any other sentenced imposed.

Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).[2]

**Consideration of the 3553(a) Factors.**

**(1)      The nature and circumstances of the offense and the history and characteristics of the defendant.**

The defendant engaged in serious offenses of conspiracy to distribute cocaine distribution of cocaine, and he did so over an extended period of time.  His role in the conspiracy was significant in that he obtained kilogram quantities of cocaine from other members of the CCTO and distributed it to his customers.  In addition, Miller maintained an apartment on Daphne Street in Philadelphia which he used to store firearms and cocaine.

---

[2] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"  United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

Miller has a troublesome history of involvement in the criminal justice system which dates back to 1988 when he was 15 years old.  He has a total of four arrests which resulted in one adjudication for simple assault and reckless endangering and a conviction for third degree murder.  This conviction led to Miller spending approximately 13 years in prison, including a parole violation.  He was ultimately paroled in 2003.

**(2)      The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The offenses charged in the second superseding indictment are serious.  The drug conspiracy that Miller participated in lasted for two years during which time approximately 500 kilograms of cocaine was distributed throughout the City of Chester, Philadelphia, and surrounding areas.  The sentence imposed in this case must account for the damage caused by the actions of Miller and his coconspirators and provide just punishment for his role in the offense. The Court is well aware of the negative impact that drug distribution and use has on society. Although Miller was not a "street seller" he did sell his cocaine to customers who in turn would distribute it at the street level.  Miller and his coconspirators are therefore responsible for polluting the streets of their community and preying on the people who make up that community, causing immeasurable damage.  He must be held accountable for this.

**(3)      The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

There is no doubt that the Court's sentence in this case must deter others like Miller who would consider engaging in similar serious criminal conduct.  Thus the need for general deterrence is great.  In addition, although Miller has made great strides on the path toward rehabilitation by accepting responsibility for his actions and assisting the government, it is not presently clear that he will not return to a life of crime after he is released from prison.  If

the past is any indication of what the future holds, one could surmise that Miller may return to crime.  However, on more than one occasion, Miller has stated that he has had enough and wishes to move on with his life and focus on more positive interests.  The Court's sentence in this case must act as a reminder to Miller that he cannot repeat the past and he must continue to move forward on his newly chosen path.

**(4)      The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

It does not appear that Miller suffers from any drug addiction.  Therefore it does not appear that he would benefit from drug counseling while incarcerated.

Miller has a sporadic work history.  It does not appear that he is skilled in any specific trade.  The government requests that Miller be made to participate in vocational training as part of his sentence to assist him in obtaining employment upon his eventual release from prison.

**(5)      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

It is the government's belief that of the four coconspirators charged in this case, Miller and co-conspirator Gerald Henderson are on equal ground and are the second most culpable in this case, second only to the leader, Alfonso Caldwell.  Miller was involved in the charged conspiracy for the entire existence of the conspiracy was responsible for distributing a large portion of the organization's cocaine.  The sentencing guidelines adequately account for his role and the quantity of cocaine that he is responsible for distributing during his involvement.

**(6)**     **<u>The need to provide restitution to any victims of the offense.</u>**

Restitution is not an issue in this case.

**V.**     **<u>CONCLUSION</u>**

Therefore, in sum, all of the appropriate considerations of sentencing favor the acceptance by the properly calculated advisory guideline calculation as set forth herein, and the imposition of an appropriate sentence after consideration of all of the submissions by the parties.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____

SALVATORE L. ASTOLFI
Assistant United States Attorney
KATAYOUN COPELAND
Special Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by the district court clerk's electronic filing system and e-mail upon:

Allan J. Sagot, Esquire
Three Parkway
6th & Cherry Streets
Suite 1300
Philadelphia, PA 19102


_____
SALVATORE L. ASTOLFI
Assistant United States Attorney


DATED: