UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
---------------------------------------------x

UNITED STATES OF AMERICA

    v.

ERIC DANYEL MILLER

    Defendant

---------------------------------------------x

FILED
NOV 19 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

DPAE2:08CR000458-004 (LDD)

MOTION PURSUANT TO
18 U.S.C. SECTION 3582(c)(2)

    Eric Danyel Miller, Pro Se Movant, hereby respectfully moves this Court to grant him a reduction pursuant to U.S.S.G, Amendment 782, and Title 18 U.S.C. Section 3582(c)(2).

    In April and July 2014, the U.S. Sentencing Commission amended U.S.S.G. Section 1B1.10 for sentence reductions filed under Title 18 U.S.C. Section 3582(c)(2), and to provide for retroactive application of Amendment 782, which changed the threshold amounts in the drug quantity tables at U.S.S.G. Sections 2D1.1 and 2D1.11. It is submitted that Movant is eligible for the sentence reduction, which became law on November 1, 2014.

    Movant was convicted by an entry of a plea of guilt to a charge of Conspiracy under Title 21 Section 846, and, on October 14, 2010, was sentenced to a term of 130 months on that Conspiracy charge, which sentence ran concurrently to a convictions under Title 18 Section 922(g), but consecutive to a 20 month sentence on a violation of Title 18, Section 924(c)(1).

    Recognizing that the Court will be addressing many of these applications, this submission shall be succinct.

    Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. Section 3553(a) in determining...whether a reduction in the defendant's term of imprisonment is warranted. Id app. note 1(B)(i)(November 1, 2013).

    "Thus reading Section 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under Section 3582(c)(2)" "United States v. Vautier", 144 F. 3d 756 at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the
> term of imprisonment under 18 U.S.C. Section 3582(c)(2) and this
> policy statement is warranted, the court shall determine the
> amended guideline range that would have been applicable to the

defendant if the amendment(s) had been in effect at the time the defendant was sentenced....

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed...." Then in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in Section 3553(a) and determine whether or not to reduce the defendant's original sentence." Id See, "United States v. Thomas, 504 Fed Appx 213, 215-16 (3rd Cir. 2012); "United States v. Williams", 557 F. 3d 1254 (11th Cir. 2009)(per curiam)(decision regarding reduction motion vacated and remanded because the record was silent as to whether the district court considered the 3553(a) factors in determining the extent of the reduction).

Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment. Of course, a proceeding under 3582(c)(2) is not intended to be a full resentencing, and to the extent that post sentencing rehabilitation is to be considered it is for the purposes of determining the granting, and the extent, of the reduction to be granted under Title 18 Section 3582(c)(2).

It is requested that the Court consider the following relevant "Rehabilitation" that has occurred post sentencing. Among my efforts at bettering myself for reintegration into society has been my commitment to my family. I have awakened to the realization that my wife and four children must be foremost in my priorities, and, as a result, I maintain regular contact with them, through visits, emails, telephone calls, and letters. I have also sought to improve my skills as a parent by having completed a "Parenting" course, as well as a course in "Anger Management" to address my self worth and interactions with others. I am similarly aware that developing skills to find meaningful employment is essential to my transition back into society. In that regard, Movant has completed programming in two Vocational Training Programs-in Carpentry, and in HVAC, and, I have used my skillset as a licensed barber in the barbershops at the various institutions I have been housed in. At Danbury FCI I am in charge of the barbershop-supervising not only the operation of the barbershop, but a dozen barbers. Each of these courses, among many other "Completed Education Courses" and programming are reflected in the annexed Progress Report, dated November 12, 2014.

Finally, Movant has committed no acts of misconduct since my incarceration, which commenced in 2010, providing additional indicia that there is no attendant public safety consideration that should prevent the granting of the requested relief.

It is respectfully requested that the Court grant my request for a reduction of my sentence pursuant to 18 U.S.C. Section 3582(c)(2) and U.S.S.G. Amendment 782.

Eric Danyel Miller
63051-066
Pro Se Movant
Federal Correctional Institution
Pembroke Station
Danbury, CT 06811

## CERTIFICATE OF SERVICE

I, <u>Eric Danyel Miller</u>, certify under the penalty of perjury pursuant to 28 U.S.C. 1746, that a true and correct copy of the foregoing has been placed in the Federal Correctional Institution mailbox in Danbury, Connecticut on this <u>14th</u> day of <u>November</u>, 20<u>14</u> in accordance with the prison mailbox rule <u>Houston v. Lack,</u> 487 U.S. 266 (1988), this above styled motion is deemed filed upon placement in the prison mail room and mailed to the following:

<u>United States Attorney's Office</u>
<u>William J. Green Federal Building</u>
<u>600 Arch Street</u>
<u>Philadelphia, PA 19106-1679</u>

So Served,

*Eric Miller*

<u>Clerk of the Court</u>
<u>Eastern District of Pennsylvania</u>
<u>William J. Green Jr. Federal Building</u>
<u>600 Arch Street</u>
<u>Philadelphia, PA 19106-1679</u>